No. 21,351.

May Lightfoot, *Appellant,* v. G. J. Lightfoot, *Appellee.*

SYLLABUS BY THE COURT.

Divorce and Alimony—*Divorce Refused—Evidence Supports Decree.* The evidence is examined and found to be such that the conclusions reached by the trial court and the decree rendered should not be disturbed.

Appeal from Miami district court; Jabez O. Rankin, judge. Opinion filed June 8, 1918. Affirmed.

*Frank M. Sheridan,* and *Bernard L. Sheridan,* both of Paola, for the appellant.

*S. J. Shively,* of Paola, for the appellee.

The opinion of the court was delivered by

WEST, J.: The parties hereto were married October 5, 1916. The plaintiff alleged that they lived together until December 27; her petition was filed December 28, alleging extreme cruelty consisting of physical violence and abuse, with injunctions to leave lest a worse evil befall her. The cross petition charged gross neglect of duty by a causeless abandonment and certain other mistreatment, including a statement that she married the defendant for his money.

It appears that the plaintiff lived with her first husband 24 years. After his death she married a second and a third, being divorced from one after living with him a few months and from the other after living with him a few weeks. When she married the defendant she was 49 years of age and he 78, a widower with property worth in the neighborhood of $20,000. The day before the marriage he presented to her an antenuptial contract which they signed, providing that should he die first, or in case of a separation, he should give her a thousand dollars and certain lots in Bucyrus as her share of his estate and property. This was pleaded and introduced, but the plaintiff did not ask its fulfillment, merely stating her desire that the court do the right thing in the case.

While plaintiff, corroborated by others, testified to the charges in her petition, the court found that she had not established a cause of action, but that the defendant had, and gave him a decree requiring him to pay costs and $200 alimony.

The plaintiff appeals, and insists that her evidence fully established her case, while the defendant by his own admissions utterly failed to sustain his cross petition. The result reached by the trial court indicates that the testimony could not have been deemed sufficient to show a justification of the plaintiff's abandonment of the defendant. The court, which had granted one of the former decrees to the plaintiff, had the parties and witnesses present and could note their manner and appearance, and, whatever conclusion this court might reach, and some of its members feel compelled to reach, it is clear that the court below was not impressed with the plaintiff's claims and probably regarded this, her fourth matrimonial venture, as mercenary.

It is held that under all the circumstances the result reached below should not be disturbed. The decree is therefore affirmed.

WEST, and DAWSON, JJ., dissent.